UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHNNIE D. COOK,<br>    Plaintiff, | Case No. 1:17-cv-532 |
| vs | Black, J.<br>Bowman, M.J. |
| RYAN WOODARD, *et al.*,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), has filed a pro se civil rights complaint against defendants Ryan Woodard, William Cool, and Roger Weaks. (Doc. 1-1, Complaint at PageID 13). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is

immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S.

at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff claims that on November 18, 2016, he was involved in a fight with another inmate at SOCF. (Doc. 1-1, Complaint at PageID 14). According to plaintiff, officer Brannigan separated plaintiff and the other inmate before multiple other officers arrived. Plaintiff claims that while he was laying on his stomach handcuffed, defendant C/O Ryan Woodard yelled "use your P.R.s" and plaintiff felt a sharp pain on the right side of his temple. Plaintiff claims he repeatedly asked why he was hit with the P.R. stick.

Plaintiff was subsequently taken to segregation and informed Captain Lewis that he was hit for no reason. Lewis wrote down plaintiff's use of force statement and took pictures of his swollen temple.

On November 20, 2016, plaintiff claims that he submitted an informal complaint resolution form regarding the incident. On November 29, 2016, he further claims that he sent a kite to the institutional inspector, indicating that he had not received a response and requesting a grievance form. According to plaintiff, the institutional inspector subsequently mailed plaintiff an answered informal complaint by Captain Bell. Bell indicated that "the incident is being reviewed by the DWO. Mr. Cool will assign[] it to an use of force investigation. The committee will make a determination of the appropriateness of the force used during the incident." (*Id.* at PageID 14–15).

Plaintiff claims that defendant Roger Weaks was assigned as the use of force investigator. However, plaintiff claims that Weaks was negligent in conducting the investigation because he neglected to follow Ohio's administrative regulations. (*Id.* at PageID 15).

Based on the above factual allegations, plaintiff claims that defendant Woodard violated his Eighth Amendment rights by using excessive force against him. Plaintiff further alleges that defendants Weaks and Cool each violated his due process rights by "failing to properly perform his duty owed to me." (*Id.*).

For relief, plaintiff seeks monetary damages. (*Id.* at PageID 16).

At this juncture in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff should be permitted to proceed with his Eighth Amendment claim of excessive force against defendant Woodard. However, plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

Plaintiff's claims relating to the failure of the remaining defendants to properly investigate and/or respond to his grievances should be dismissed because "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011). Furthermore, to the extent that plaintiff claims that the grievance procedure failed to produce the correct outcome, this cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug.03, 1998) (citations omitted). Prison officials whose only roles "involve their denial of administrative

4

grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).

Finally, to the extent that plaintiff wishes to hold any of the defendants liable in their supervisory capacity, it is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo,* 499 F. App'x at 455 (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). Plaintiff claims that defendant Cool "was negligent for the failure to make sure that all proper procedure was conducted as the supervisor." (Doc. 1-1, Complaint at PageID 15). However, "[i]n order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers"). Therefore, in the absence of any such allegation, plaintiff's claims brought against Cool or any other defendant in their supervisory capacity are simply insufficient to give rise to an actionable § 1983 claim.

Accordingly, in sum, plaintiff may proceed with his excessive force claim against defendant Woodard. Plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims against defendants Cool and Weaks be **DISMISSED.**

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Ryan Woodard.

2. Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.


    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHNNIE D. COOK,  
    Plaintiff,

vs

RYAN WOODARD, *et al.*,  
    Defendants.

Case No. 1:17-cv-532

Black, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).