# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JOHNNIE D. COOK, | : | Case No. 1:17-cv-532 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Stephanie K. Bowman |
| vs. | : | |
| | : | |
| RYAN WOODARD, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 49)**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on June 4, 2019, submitted a Report and Recommendation recommending that the Court grant Defendant Ryan Woodard's motion for summary judgment (Doc. 35) and grant in part and deny in part Defendant William Cool's motion for summary judgment (Doc. 37). (Doc. 49).

On June 14, 2019, Plaintiff filed objections. (Doc. 52). Defendant Cool filed objections on July 2, 2019. (Doc. 55). Plaintiff proceeded to file a response to Cool's objections (Doc. 56), to which Cool filed a reply (Doc. 58). Plaintiff also filed a sur-reply. (Doc. 59).

I. Background

Plaintiff, a *pro se* prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment excessive use of force claim again Correctional Officer Ryan

Woodard. (Doc. 1). Plaintiff was granted leave to amend his complaint to add a retaliation claim against Defendant Cool. (*See* Doc. 15). Plaintiff alleges that Cool retaliated against Plaintiff for issuing subpoenas to three prison employees, including Cool, by submitted a false conduct report claiming the subpoenas were forged. (Doc. 4; Doc. 15 at 4). Plaintiff further alleges that he was threatened prior to his disciplinary hearing regarding the subpoenas and told he needed to drop his civil action. (Doc. 49, at 10). Plaintiff was found guilty by the Rules Infraction Board ("RIB") and sentenced to twenty days in disciplinary control. Plaintiff appealed his disciplinary conviction, but the appeal was denied. (*Id.*).

Following preliminary review and Defendant Woodard's motion to dismiss, this Court entered a Decision and Entry adopting Judge Bowman's Report and Recommendation, permitting Plaintiff's excessive force claim against Woodard and retaliation claim against Cool to proceed. (Doc. 27).

Subsequently, Defendants Woodard and Cool separately moved for summary judgment. (Docs. 35, 37). The Magistrate Judge entered a Report and Recommendation recommending that this Court grant Defendant Woodard's motion for summary judgment and grant in part and deny in part Defendant Cool's motion for summary judgment. (Doc. 49). As to Defendant Woodard, the Magistrate Judge found that Plaintiff's claims against Woodard are barred by claim and issue preclusion and waived pursuant to the *Leaman* Doctrine. (*Id.* at 5). The Magistrate Judge alternatively found that Plaintiff's excessive force claim against Woodard fails on the merits, because Plaintiff failed to

2

respond to Woodard's motion for summary judgment that included witness affidavits and video evidence refuting Plaintiff's claim. (*Id.* at 8-9).

Defendant Cool argued he was entitled to summary judgment on three bases: (1) failure to exhaust administrative remedies, (2) lack of a material fact showing retaliation, and (3) qualified immunity. (*Id.* at 10). As to Cool's first argument, the Magistrate Judge found Plaintiff failed to exhaust his retaliation claim but proceeded to find Plaintiff exempt from the exhaustion requirement, as Plaintiff was informed that no administrative remedies were available. (*Id.* at 13-14). Second, the Magistrate Judge rejected Cool's argument that no dispute of material fact exists as to whether Cool engaged in retaliation (*Id.* at 14-27). In doing so, the Judge found that Plaintiff's act of filing a non-frivolous lawsuit and issuing subpoenas to prosecute the case constituted a constitutionally-protected activity. (*Id.* at 15-17). Judge Bowman also found that Plaintiff's punishment of twenty days in disciplinary segregation constituted an "adverse action" and was not *de minimis*. (*Id.* at 17). However, because Plaintiff was not able to produce evidence refuting Defendant Cool's affidavits asserting he did not threaten Plaintiff prior to or during the administrative hearing, the Magistrate Judge found Cool entitled to summary judgment on Plaintiff's retaliation claim related to this particular conduct. Finally, Judge Bowman found a dispute of material fact exists as to Defendant's subjective motive, rejecting Cools' argument concerning causation. (*Id.* at 23).

In addition, Judge Bowman found that Defendant Cool is not entitled to summary judgment on the basis of qualified immunity. (*Id.* at 27-32).

II. Plaintiff's Objections

Plaintiff made a letter filing following the Magistrate Judge's issuance of the Report and Recommendation. (Doc. 52). In this letter, Plaintiff explains that although he provided his response to Defendant Woodard's motion for summary judgment to prison officials for mailing, the officials did not place the document in the mail. (*Id.* at 1). Plaintiff further alleges that Defendant Cool came to his cell and told him "you can't win a claim of retaliation if you can't prove Woodards [sic] response was filed." (*Id.* at 2). The Court construes this filing as an objection to the Report and Recommendation.

Even assuming prison officials did not place Plaintiff's response to Defendant's Woodard's motion for summary judgment in the mail, the Magistrate Judge's recommendation to grant Woodard's motion for summary judgment stands. This is because in addition to finding summary judgment warranted on the merits, the Magistrate Judge found that Plaintiff's claims against Woodard are barred by claim preclusion and issue preclusion, as well as by the *Leaman* Doctrine. (Doc. 49 at 5-8). Plaintiff does not refute these findings of the Magistrate Judge. The Court agrees with the Report and Recommendation that as a result of Plaintiff's previously filed state-court case, Plaintiff's claims against Woodard are both precluded and waived under the *Leaman* Doctrine. Accordingly, Defendant Woodard's motion for summary judgment (Doc. 35) will be granted.

III.     Defendant Cool's Objections

Defendant Cool filed objections to the Magistrate Judge's recommendation that Defendant's motion for summary judgment be denied with respect to Plaintiff's claim that Cool retaliated against him by filing a false conduct report. (Doc. 55).

First, Defendant Cool objects to the Magistrate Judge's finding that Plaintiff was excused from the exhaustion requirement because prison officials informed Plaintiff that the retaliation issues he raised were not grievable. (*Id.* at 7). In his objections, Cool explains that Plaintiff filed two grievances, and that, although the response to Plaintiff's first grievance informed Plaintiff that his retaliation claims were "not grievable," the prison official's response to Plaintiff's second grievance stated he "may examine the rights offered to [him] during [his] disciplinary process." (*Id.* at 8). Thus, Cool argues that because Plaintiff was informed he could raise the issues in the course of his disciplinary hearing, it was not "clearly conveyed" that he could take no further administrative steps. (*Id.*).

This argument is not well-taken. The Magistrate Judge acknowledged both of Plaintiff's grievances and their corresponding responses, including the second response indicating that Plaintiff could raise the issues in the course of his disciplinary proceeding before the RIB. (Doc. 49, at 13-14). The Court agrees with the Magistrate Judge's finding that the prison officials' responses to Plaintiff's grievances conveyed to Plaintiff that no administrative remedies were available. Moreover, Defendant presents no case law in support of his position, nor does he attempt to distinguish the case relied on by the

5

Magistrate Judge, *Brooks v. Dillow*, No. 1:15-cv-812, 2016 WL 6493419 (S.D. Ohio Nov. 2, 2016), *adopted*, 2016 WL 7034241 (S.D. Ohio Dec. 2, 2016).

Second, Cool objects to the Magistrate Judge's finding that Plaintiff's act of issuing subpoenas was a constitutionally-protected activity, reiterating his argument that the subpoenas were not protected by the First Amendment because the underlying lawsuit was frivolous. (Doc. 55 at 9-11). However, the Court agrees with the Magistrate Judge's reasoning that the case was not frivolous, as it passed preliminary review and was inadvertently filed against a Defendant who shared the same last name as the intended Defendant. (Doc. 49 at 15-16). The two cases cited by Defendant here, *Neitzke*, 490 U.S. 319, 325 (1989) and *Buchanon*, No. 1:16-cv-2005, 2018 U.S. Dist. LEXIS 141760 at *5-6 (N.D. Ohio Aug. 21, 2018), do not involve a similar situation of a good-faith error, and thus do not counsel this Court to reach a different conclusion.

Third, Cool objects to the Magistrate Judge's finding of a causal connection between the protected conduct and adverse action. (Doc. 55 at 12-14). The Magistrate Judge correctly identified the relevant burden-shifting test whereby "the plaintiff has [the] burden of establishing that his protected conduct was a motivating factor behind any harm," after which, the burden shifts to the defendant to show "that he would have taken the same action in the absence of the protected activity." (*Id.* at 20) (citing *Maben v. Thelen*, 887 F.3d 252, 262 (6th Cir. 2018)). Defendant attempts to announce a new "but for" causation test set forth by the recent Supreme Court case, *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019). (Doc. 55 at 13-14). However, the "but for" test for causation in

6

retaliation cases pre-dates *Nieves*, and is captured by the second step of the burden shifting test applied by the Magistrate Judge, whereby the defendant has an opportunity to show that he would have taken the action regardless of the protected conduct. *See Hartman v. Moore*, 547 U.S. 250, 260 (2006) ("It is clear . . . that the causation is understood to be but-for causation, without which the adverse action would not have been taken; we say that upon a prima facie showing of retaliatory harm, the burden shifts to the defendant official to demonstrate that even without the impetus to retaliate he would have taken the action complained of . . . .") (citing *Mt. Healthy Cty. Sch. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)); *see also Maben*, 887 F.3d at 262 (applying *Mt. Healthy* burden-shifting causation test in prisoner retaliation case). Thus, Defendant Cool mischaracterizes *Nieves* as announcing a new "but for" test for causation in retaliation cases.

      Defendant's related objection that according to *Nieves*, Plaintiff must demonstrate a lack of "probable cause" for the adverse action since this is a "prosecutorial misconduct" case is not persuasive. It is clear that the Court in *Nieves* is discussing the requirement that a plaintiff demonstrate a lack of probable cause in reference to cases in which a plaintiff alleges he was *arrested* in retaliation for protected conduct. This requirement and the rationale behind it has no application in the instant case involving a prison disciplinary action. Accordingly, the Court agrees with the Magistrate Judge's finding as to causation.

Fourth, Cool objects to the Magistrate Judge's finding that he is not entitled to qualified immunity. (Doc. 55 at 14-19). More specifically, Defendant criticizes the Report and Recommendation for relying on Sixth Circuit precedent rather than Supreme Court precedent to demonstrate that Cool violated a "clearly established statutory or constitutional right." (*Id.* at 14). However, Defendant is incorrect that courts are limited to considering Supreme Court precedent to determine whether a right is clearly established for purposes of qualified immunity. *See Kesterson v. Kent State Univ.*, 345 F. Supp. 3d 855, 883 (N.D. Ohio 2018) ("In determining whether a law is clearly established, this Court looks to decisions of the Supreme Court and the Sixth Circuit.") (citing *Carver v. City of Cincinnati*, 474 F.3d 283, 287 (6th Cir. 2007)). The Magistrate Judge provided both Supreme Court and Sixth Circuit precedent to find that, construing the facts in the light most favorable to Plaintiff, Defendant Cool violated a clearly established right. (Doc. 49 at 28) (citing *Crawford-El v. Britton*, 523 U.S. 574, 582 (1998) ("It has long been well established that 'the First Amendment bars retaliation for protected speech.'")); *Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018) (finding that officer retaliation for filing grievances violates a clearly established constitutional right)). The Magistrate Judge also considered and rejected Defendant's argument regarding certain limitations on prisoners in terms of their ability to conduct discovery, particularly oral depositions. (Doc. 55 at 16-17; Doc. 49 at 30). Thus, Defendant's objections regarding causation are either meritless or have already been raised and rejected by the Magistrate Judge.

IV. Conclusion

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Having reviewed the parties' objections (Docs. 52, 55) and related memoranda (Docs. 56, 58, 59), the Court does determine that the Report and Recommendation (Doc. 49) should be and is hereby **ADOPTED** in its entirety.

Accordingly, for the reasons stated above:

1) Defendant Woodard's motion for summary judgment (Doc. 35) is **GRANTED**;

2) All claims against Defendant Woodard are **DISMISSED with prejudice**;

3) Defendant Cool's motion for summary judgment (Doc. 37) is **GRANTED in part** as to Plaintiff's claim that Defendant engaged in retaliatory conduct shortly before or during the RIB hearing and **DENIED in part** as to Plaintiff's claim that Defendant charged him with a conduct report in retaliation for the exercise of his First Amendment rights.

**IT IS SO ORDERED.**

Date: 8/26/2019 /s/ *Timothy S. Black*
Timothy S. Black
United States District Judge